UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| WILLIAM BILLY G. CARTER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:25-cv-00699-ACL |
| ) | |
| VALERIE HUHN, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER OF TRANSFER**

This matter is before the Court upon review of the Complaint filed by self-represented Plaintiff William Billy G. Carter, a civilly committed detainee at the Fulton State Hospital in Fulton, Missouri. For the reasons explained below, this case will be transferred to the United States District Court for the Western District of Missouri.

Plaintiff brings this case under 42 U.S.C. § 1983 against employees of the Missouri Department of Mental Health and the Fulton State Hospital, concerning the screening of his legal mail at the Hospital. [Doc. 1]. Fulton State Hospital is located in Callaway County, Missouri, which is in the Western District of Missouri. *See* 28 U.S.C. § 105(b)(4).

Under 28 U.S.C. § 1391(b), a civil action of this type may be brought in: "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is subject of the action is situated; or (3) if there is no district in which an action may

otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." Furthermore, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a).

Here, Plaintiff's claims arise entirely from events which have occurred while he has been detained at the Fulton State Hospital in the Western District of Missouri. Therefore, the Court concludes that it is in the interest of justice to transfer this case to the United States District Court for the Western District of Missouri for all further proceedings.

Finally, Plaintiff has three pending motions before the Court. Plaintiff filed a motion to proceed in district court without prepaying fees or costs. [Doc. 2]. Having reviewed the application and the financial information submitted in support, the Court will grant the motion to proceed *in forma pauperis* subject to modification by the United States District Court for the Western District of Missouri. *See* 28 U.S.C. § 1915(a). Plaintiff also filed two motions for appointment of counsel. [Docs. 3, 4]. However, there is no constitutional or statutory right to appointed counsel in civil cases. *See Nelson v. Redfield Lithograph Printing*, 728 F.2d 1003, 1004 (8th Cir. 1984). As such, the Court will deny Plaintiff's motions for appointment of counsel without prejudice at this time, subject to refiling in the transferee court.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk of Court shall **TRANSFER** this case to the United States District Court for the Western District of Missouri. *See* 28 U.S.C. § 1404(a).

**IT IS FURTHER ORDERED** that Plaintiff's application to proceed in district court without prepaying fees or costs [Doc. 2] is **GRANTED**, subject to modification by the United States District Court for the Western District of Missouri.

**IT IS FINALLY ORDERED** that Plaintiff's motions for appointment of counsel [Docs. 3, 4] are **DENIED without prejudice** at this time.

Dated this 2nd day of September, 2025.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE